**<u>NOT FOR PUBLICATION</u>**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| POPULAR LEASING U.S.A., INC., | |
| Appellant, | Civ. No.  09-2788 (DRD) |
| v. | |
| CHARLES M. FORMAN, CHAPTER 7 TRUSTEE OF THE ESTATE OF NORVERGENCE, INC., | |
| Appellee. | |
| | |
| ALFA FINANCIAL CORP., | |
| Appellant, | Civ. No.  09-2964 (DRD) |
| v. | **O P I N I O N** |
| CHARLES M. FORMAN, CHAPTER 7 TRUSTEE OF THE ESTATE OF NORVERGENCE, INC., | |
| Appellee. | |

*Appearances by:*

BLANK ROME, LLP
by: David C. Kistler, Esq. and Jeremy Rist, Esq.
301 Carnegie Center, Third Floor
Princeton, NJ 08540

   *Attorneys for Appellant Popular Leasing U.S.A., Inc.*


DEEB, PETRAKIS, BLUM & MURPHY, P.C.
by: Peter J. Deeb, Esq. and Inez M. Markovich, Esq.
10 Melrose Avenue, Suite 430
Cherry Hill, NJ 08003

   *Attorneys for Appellant Alfa Financial Corp.*

PORZIO, BROMBERG & NEWMAN, P.C.
by: Robert M. Schechter, Esq. and Douglas A. Amedo, Esq.
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962


**DEBEVOISE, Senior District Judge**

This matter comes before the Court on separate requests by Appellants Alfa Financial Corporation ("Alfa") and Popular Leasing U.S.A., Inc. ("Popular") for leave to appeal a ruling of the United States Bankruptcy Court for the District of New Jersey denying their motions to dismiss the "deepening insolvency" cause of action asserted against them in an adversary proceeding below by the Appellee, Trustee Charles M. Forman.  Because the two requests raise the same issues of law and fact, they will be consolidated.  See Fed. R. Civ. P. 42(a).

Appellants contend that the Bankruptcy Court erred in holding that the New Jersey Supreme Court would, if faced with facts similar to those at issue in this case, recognize the type of "deepening insolvency" cause of action asserted below as an independent tort, and move for leave to file an interlocutory appeal of that ruling.  In opposition to that motion, the Appellee argues that Appellants have not met the criteria for interlocutory review, which is appropriate

2

only for rulings that (1) "involve[ a] controlling question of law" (2) "as to which there is

substantial ground for difference of opinion" and (3) "an immediate appeal from the order may

materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

While the Court agrees with Appellant's recitation of the three factors which must be

present to justify interlocutory review, it finds for the reasons set forth below that those factors

are satisfied.  Furthermore, there is a high degree of probability that the ruling in this case

relating to whether "deepening insolvency" constitutes an independent tort under New Jersey law

– a question the courts of that state have never addressed – will form a precedent that may be

invoked by litigants for years to come, and thereby substantially alter the legal framework to

which businesses operating in New Jersey are subject.  Under such exceptional circumstances, it

is only prudent for this Court, as the most authoritative body that will address the question until a

final judgment is issued by the Bankruptcy Court and eventually appealed to the Court of

Appeals for the Third Circuit, to settle the question as conclusively as possible.  Therefore,

Appellants' requests for leave to appeal will be granted.

### I. BACKGROUND

The facts underlying this dispute are laid out comprehensively in the section of the

Bankruptcy Court's opinion titled "Procedural History and Statement of Facts," which for the

sake of brevity is incorporated herein.  In essence, Appellee's "deepening insolvency" cause of

action – the only claim at issue in the pending motions – asserts that the Appellants recklessly

contracted with Novergence, Inc. ("Norvergence"), the company that is the subject of the

bankruptcy proceeding from which this appeal arises.  As a result, Appellee contends that

Norvergence was able to artificially prolong its operations and stave off bankruptcy despite its

ever-increasing liabilities.  In other words, Appellee claims that the Appellants allowed

3

themselves to be used in a sort of Ponzi scheme whereby Norvergence used the cash infusions

derived from the contracts between the parties to disguise its insolvency while driving itself

further and further into debt, thus diluting the eventual recovery available to its creditors.  On the

basis of those allegations, Appellee argues that the Appellants should be held jointly and

severally liable in tort for the difference between Novergence's assets and its liabilities.

As acknowledged by the Bankruptcy Court, New Jersey courts have not addressed the

question of whether such activity, in and of itself, constitutes a tort redressable at law.  See

Thabault v. Chait, 541 F.3d 512, 521 (3d Cir. 2008) ("[N]either the New Jersey legislature nor

the New Jersey Supreme Court has authorized a 'deepening insolvency' cause of action.").

Thus, the Bankruptcy Court was forced to predict whether the New Jersey Supreme Court would

recognize such a cause of action.  See Official Comm. of Unsecured Creditors v. R.F. Lafferty &

Co., Inc., 267 F.3d 340, 349 (3d Cir. 2001) ("In the absence of an opinion from the state's

highest tribunal, we must don the soothsayer's garb and predict how that court would rule if it

were presented with the question.").  In doing so, the Bankruptcy Court followed the framework

for making such predictions as outlined by the Court of Appeals in Gruber v. Owens-Ill., Inc.,

899 F.2d 1366, 1370 (3d Cir. 1990), which requires the consideration of four factors:

(1) what the [New Jersey] Supreme Court has said in related areas;

(2) the "decisional law" of the [New Jersey] intermediate courts;

(3) federal appeals and district court cases interpreting the state law; and

(4) decisions from other jurisdictions that have discussed the issue we face here.

The Bankruptcy Court found with respect to the first two factors that "the New Jersey

Supreme Court and intermediate courts have not definitely ruled regarding deepening insolvency

as an independent tort under New Jersey law."  Therefore, neither factor provided guidance as to

whether such a cause of action should be recognized.  In applying the fourth factor – decisions

from other jurisdictions – the Bankrupcty Court examined decisions from the other two states

that make up this circuit, Pennsylvania and Delaware.  Those decisions provided little guidance

as to whether New Jersey would recognize an independent cause of action for "deepening

insolvency," as the Court of Appeals has held that Pennsylvania would recognize such claims in

cases involving fraudulent conduct, Lafferty, 267 F.3d at 344, 351; In re CitX Corp., Inc., 448

F.3d 672, 680-81 (3d Cir. 2006), but the Supreme Court of Delaware has ruled that Delaware law

does not.  See Trenwick Am. Litig. Trust v. Ernst & Young, LLP, 931 A.2d 438 (Del. 2007),

affirming 906 A.2d 168, 205 (Del. Ch. 2006) (stating that recognition of a cause of action for

deepening insolvency "would be inconsistent with the principles shaping our state's corporate

law.").  Thus, only the third factor – federal appellate and district court cases interpreting New

Jersey law – weighed either for or against the recognition of an independent cause of action for

"deepening insolvency."

In examining federal rulings from this circuit on the question of whether "deepening

insolvency" should be recognized as an independent cause of action, the Bankruptcy Court relied

heavily on the holding by the Court of Appeals in Lafferty, 267 F.3d at 349, 351, that "[t]he

fraudulent and concealed incurrence of debt" by an insolvent corporation "may give rise to a

cognizable injury," and "where there is an injury, the law provides a remedy."  Reasoning that

both the New Jersey Supreme Court and the Court of Appeals have recognized that fraudulently

enabling an insolvent corporation to incur further debt constitutes a "harm" by awarding

damages for such behavior in cases involving common law fraud claims, see Thibault, 541 F.3d

at 522-23 ("New Jersey law provides a remedy for traditional tort damages that flow from

wrongful conduct that results in increased liabilities, decrease in fair asset value, and lost profits

5

of a corporation."); <u>NCP Litig. Trust v. KPMG, LLP</u>, 901 A.2d 871, 888 (N.J. 2006) ("NCP I")

(affirming damages award against auditor for negligent failure to uncover fraud and stating that

"inflating a corporation's revenues and enabling a corporation to continue in business 'past the

point of insolvency' cannot be considered a benefit to the corporation."), the Bankruptcy Court

ruled that the New Jersey Supreme Court would recognize an independent cause of action for

"deepening insolvency" as a means of redressing that harm.

## II.  DISCUSSION

Appellants contend that the Bankruptcy Court erred by holding that the New Jersey

Supreme Court would recognize an independent cause of action for "deepening insolvency," and

move for leave to appeal that ruling.  Citing the standard contained in 28 U.S.C. § 1292(b),

Appellee argues that the Court should deny the motion because (1) the question of whether

"deepening insolvency" constitutes an independent tort under New Jersey law is not a

"controlling question of law" insofar as a reversal of the Bankruptcy Court's ruling on that point

would not obviate the need for trial, (2) there is no "substantial difference of opinion" as to

whether New Jersey law does, in fact, recognize such claims, and (3) allowing an immediate

appeal would not materially advance the ultimate termination of the litigation by eliminating

complex issues and thereby simplifying discovery or the eventual trial.  The Court disagrees.

For the reasons set forth below, this matter satisfies the criteria set forth in 28 U.S.C. § 1292(b),

and includes exceptional circumstances which weigh in favor of immediate review.  Therefore,

Appellants' Motions for Leave to Appeal will be granted.

## A.  Standard of Review

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(3) to grant leave for interlocutory appeals of Bankruptcy Court orders.  That section, however, does not enumerate the criteria a district court should use in deciding whether to grant such leave.  Therefore, courts normally utilize the standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals to federal circuit courts from the orders of a district court.  See, e.g., Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm., 321 B.R. 147, 156 (D.N.J. 2005); In re Bertoli, 58 B.R. 992, 995 (D.N.J. 1986); In re Johns-Manville Corp., 39 B.R. 234, 236 (S.D.N.Y. 1984).  Under 28 U.S.C. § 1292(b), leave to appeal an interlocutory order should be granted when that order "involves a controlling question of law as to which there is substantial ground for difference of opinion and … an immediate appeal from the order may materially advance the ultimate termination of the litigation."

## B.  Controlling Question of Law

A "controlling question of law" includes any "order which, if erroneous, would be reversible error on final appeal."  Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974).  Such questions are not limited to those that, if resolved differently, would eliminate the need for trial, but may also include orders whose reversal would not "terminate the litigation, [such as] impleader and transfer of venue orders."  Id.  Moreover, such questions need not "be determinative of any plaintiff's claim on the merits," id., or even "directly related to the substance of the controversy between the parties," but may also encompass discovery disputes or other issues relating to the administration of the case.  Baron, 321 B.R. at 156 (citing 10 Collier on Bankruptcy ¶ 8003.03 (15th rev. ed. 2004)).

Under that standard, whether New Jersey law recognizes an independent tort of

"deepening insolvency" is clearly a "controlling question of law."  Its resolution will be

determinative of the merits of one of Appellee's claims, thus potentially eliminating the need for

trial on the "deepening insolvency" cause of action.  Furthermore, the resolution of whether

"deepening insolvency" constitutes an independent cause of action will bear directly on

discovery.  If the Court rules that such a cause of action should not be recognized under New

Jersey law, it will be unnecessary for the parties to determine (1) the level of scienter, whether it

be actual knowledge of Norvergence's insolvency or simple recklessness, of the various

defendant companies in the action below, (2) whether Norvergence would have been able to

continue operations and thereby drive itself further and further into debt even if it had not

contracted with the defendant companies, and, if not (3) the amount the insolvency was

"deepened" – meaning the difference between the Norvergence's assets minus liabilities

attributable to the actions of each contracting party – by each of the individual defendant

companies.

## C.  Substantial Difference of Opinion

Appellee's contention that there is no "substantial difference of opinion" as to whether

"deepening insolvency" is recognized by New Jersey as an independent tort is wholly without

merit.  "[N]either the New Jersey legislature nor the New Jersey Supreme Court has authorized a

'deepening insolvency' cause of action."  Thabault v. Chait, 541 F.3d 512, 521 (3d Cir. 2008).

In support of his argument, Appellee depends heavily on the New Jersey Supreme Court's

holding in NCP I, 901 A.2d at 888, that "inflating a corporation's revenues and enabling a

corporation to continue in business 'past the point of insolvency' cannot be considered a benefit

to the corporation."  That ruling was not addressed, however, to the question of whether

"deepening insolvency" constitutes an independent tort, but rather the issue of whether such

behavior can form the basis for a damages award in a traditional fraud action. See id. (referring

to the "fraudulent actions" of the defendants and stating that "courts have distinguished between

'fraud on behalf of the corporation' and 'fraud against it,' allowing [an] imputation defense when

a corporate agent's fraud is 'on behalf of' or for the benefit of the corporation.").

On remand, the trial court in NCP specifically addressed the question of whether

"deepening insolvency" is an independent tort or a theory of damages. NCP Litig. Trust v.

KPMG, LLP, 945 A.2d 132, 143-44 (N.J. Super. Law Div. 2007) ("NCP II"). In doing so, it

discussed the decision by the Court of Appeals in In re CitX Corp., Inc., 488 F.3d 672, 677 (3d

Cir. 2006). In that case, the Court of Appeals held that, under Pennsylvania law, "deepening

insolvency" is not a "valid theory of damages for any other cause of action, such as fraud," but

rather an independent tort. Id. at 677. The New Jersey Superior Court in NCP II, 945 A.2d at

144, explicitly repudiated that holding, stating that "deepening insolvency is a form of corporate

damage, and was always meant to be such."

Federal case law and decisions from other states also demonstrate considerable

disagreement as to whether "deepening insolvency" should be recognized as an independent

cause of action. After the decisions in NCP I and NCP II, the Court of Appeals stated that "we

are not … resolute that New Jersey law would not recognize deepening insolvency as a cause of

action or as a theory of damages." Thibault, 541 F.3d at 522. Moreover, Delaware has explicitly

refused to recognize "deepening insolvency" as either an independent cause of action or a basis

for damages, Trenwick, 931 A.2d at 438, despite the fact that the Court of Appeals has ruled that

such claims would be recognized under Pennsylvania law in cases of fraudulent conduct. See

Lafferty, 267 F.3d at 344, 351; In re CitX, 448 F.3d at 680-81. Therefore, the Court finds that

9

there is a "substantial difference of opinion" as to whether New Jersey law recognizes an

independent cause of action for "deepening insolvency."

**D.  Material Advancement of the Termination of Litigation**

As discussed above, allowing an immediate appeal may result in the dismissal of

Appellee's "deepening insolvency" claims.  If the Court rules that New Jersey law does not

recognize those causes of action, it will hasten the termination of the bankruptcy by significantly

simplifying the discovery process.  See supra at II.A.  Moreover, a ruling that New Jersey law

does not recognize an independent tort of "deepening insolvency" would dispose of a

contentious issue on which the law is unsettled, thereby limiting the disputes below to issues

relevant to the traditional claims asserted against Appellants such as fraud, and eliminating the

need for successive rulings clarifying the scope of the purported cause of action and its elements.

Therefore, the Court finds that immediate review "may materially advance the ultimate

termination of the litigation" within the meaning of 28 U.S.C. § 1292(b).

**E.  Exceptional Circumstances**

In addition to the fact that this matter meets the criteria set forth in 28 U.S.C. § 1292(b),

the Court finds that "exceptional circumstances" justify a grant of leave to appeal.  There is no

way of knowing when or if the New Jersey Supreme Court will be faced with the question of

whether "deepening insolvency" constitutes an independent tort.  Therefore, it is likely that the

ruling in this case – as the first in which a federal court has been squarely faced with the issue of

whether such claims should be recognized under New Jersey law – may result in a precedent that

will bear heavily on the expectations of businesses operating in that state.  Under such

circumstances, the Court must be mindful that it treads upon ground which is properly the

domain of the New Jersey Supreme Court.  Out of respect for that Court's authority, it is only

fitting that the question of whether "deepening insolvency" is an independent tort under New

Jersey law be addressed as fully as possible by the most authoritative tribunal available in order

to avoid injecting uncertainty into the state's jurisprudence.  Therefore, the motion for leave to

appeal will be granted.

### III.  CONCLUSION

For the reasons set forth above, Appellants' Motion for Leave to Appeal is granted.

Within 30 days from the date of this ruling, Appellants shall file a joint brief not to exceed 40

pages setting forth their arguments in favor of reversing the decision below.  Appellee shall file

an opposition brief of 40 pages or less within 15 days of being served with Appellant's brief.  No

reply briefs will be considered.  Oral argument will be scheduled in accordance with Local Civil

Rules 7.1(c) and 78.1(a).

The Court will enter an order implementing this opinion.

    **s/ Dickinson R. Debevoise**
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: September 14, 2009